Pearson, J.
The plaintiff made several exceptions up» on the rejection of evidence. We put the decision upon one exception, because it is of the most general application.
To charge the defendants as sureties of his deputy upon a bond for the faithful discharge of his duties, the plaintiff offered in evidence a receipt, given by his deputy for the collection of claims, upon which receipt, the plaintiff had been fixed with damages in the action against him.
We think the evidence was admissible. The letter of the Act of 1S44 does not embrace the case, but it comes within the mischief and the meaning of the Act.
It had been a general practice in the Superior Courts to admit the receipts of constables and other officers, as evidence against their sureties, to establish the agency or undertaking to collect claims ; and taking a receipt had become the mode, universally adopted, for the purpose of furnishing proof of that fact. This Court decided, that their receipts were not admissible, as evidence against sureties. State v. Fullenwider, 4 Ired. 364. The Legislature, intending to change this rule of evidence, passed the Act of 1844, declaring, that such receipts should be evidence in the cases therein enumerated. The object was not to make exceptions to the rule in certain specific eases, but to change the rule itself; and, of course, the *515 meaning was to include all cases of a similar kind, and coming within the same mischief. ‘’When there is the same reason, there is the same law.”
A deputy sheriff, as a collecting agent, stands on the same footing with a constable. Why should the receipt of a constable be evidence against his sureties, and the receipt of a deputy be evidence against the sureties of a sheriff; and yet the receipt of the deputy not evidence against his own sureties ? No reason can be given. A construction, which confines an act, changing a rule of evidence, to the cases particularly enumerated, would be too narrow to carry out the meaning of the Legislature.
Per Curiam. Non-suit set aside and a venire de novo to be issued.